IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STACY MONIZ, | ) | CIVIL NO. 14-00465 DKW-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF STACY MONIZ'S |
| vs. | ) | MOTION TO REMAND |
| | ) | |
| DAVID J. LUJAN; ANNA B. | ) | |
| LUJAN; INOKO LLC, A HAWAII | ) | |
| LIMITED LIABILITY COMPANY AND | ) | |
| DOE DEFENDANTS 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF STACY MONIZ'S MOTION TO REMAND[1]

Before the Court is Plaintiff Stacy Moniz's Motion to Remand filed January 8, 2015 ("Motion"). See ECF No. 12. Based on the Court's approval of the parties' stipulations to continue the briefing schedule, Defendants filed their Opposition on March 6, 2015. See ECF No. 19. Plaintiff filed his Reply on March 27, 2015. See ECF No. 23. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 11. After carefully reviewing the submissions of the parties and the relevant legal authority,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion.

BACKGROUND

Plaintiff filed a breach of contract complaint in the Circuit Court of the First Circuit, State of Hawaii ("State Court") on September 4, 2014. See ECF No. 1-1. Plaintiff seeks over $130,000 in damages for "paralegal and consulting services" rendered to Defendants David J. Lujan and Anna B. Lujan ("Lujan Defendants"). Compl. ¶¶ 5, 30. Based on diversity of citizenship, Defendants filed a Notice of Removal in this court on October 10, 2014, and served Plaintiff with the Notice of Removal on the same day. ECF Nos. 1, 2. On October 13, 2014, at 8:00 a.m., Plaintiff filed a First Amended Complaint ("FAC") in State Court adding Inoko, LLC ("Inoko") as a defendant. See ECF No. 28-6 at 1. At 11:27 a.m. on the same day, Defendants filed their Notice of Filing Notice of Removal in State Court pursuant to 28 U.S.C. § 1446(d). ECF No. 8-4. The instant Motion followed.

Plaintiff seeks remand arguing that this court lacks subject matter jurisdiction on the face of the FAC because Inoko and Ms. Lujan, the sole member/manager of Inoko, are citizens of Hawaii. See ECF No. 12-4. Although Defendants dispute that Ms. Lujan is a citizen of Hawaii, Defendants admit that Inoko is incorporated in Hawaii and has its principal place of business in Hawaii. ECF No. 7 ¶¶ 3, 5. Accordingly, Inoko is a citizen of

2

Hawaii. See 28 U.S.C § 1332 ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). With the addition of Inoko as a non-diverse defendant, Plaintiff argues that the court lacks diversity jurisdiction.

## DISCUSSION

**I. The Federal Court Shared Jurisdiction with the State Court Over This Case Until Defendants Completed the Procedural Requirements of 28 U.S.C. Section 1447(d).**

As a preliminary matter, Defendants argue that the State Court did not have jurisdiction over this matter when Plaintiff filed his First Amended Complaint. ECF No. 19 at 5. Defendants contend that Inoko was improvidently joined as a defendant, and thus, there is no basis for remand. ECF No. 19 at 6.

A case is automatically removed when the removal papers are served and filed in accordance with Section 1446(d). Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 887 (9th Cir. 2001). Pursuant to 28 U.S.C. Section 1446(d), there are three procedural steps to effecting removal: (1) filing a notice of removal of a civil action in federal court; (2) giving written notice of the removal to all adverse parties; and (3) filing "a copy of the notice with the clerk of such State court." 28

3

U.S.C. § 1446(d). There is a "split of authority on whether the federal court obtains jurisdiction immediately upon the filing of the Notice of Removal with the clerk of the federal court, or only after all three [procedural removal] steps are completed." Curtis v. BCI Coca-Cola Enters. Bottling Cos., No. 1:13-CV-1939 AWI-BAM, 2014 WL 4700612, at *3 (E.D. Cal. Sept. 18, 2014) (alteration in original). Although the Ninth Circuit has not directly addressed this issue, other circuit courts have held that removal is not effected until notice is filed in state court. See, e.g., Resolution Trust Corp. v. Nernberg, 3 F.3d 62, 69 (3d Cir. 1993); Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013); Stephens v. Portal Boat Co., 781 F.2d 481, 482 n.1 (5th Cir. 1986); Anthony v. Runyon, 76 F.3d 210, 213 (8th Cir. 1996). See also 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3736 (4th ed.) (Sept. 2014) ("the sounder rule, and the one most consistent with the language of Section 1446(d) of Title 28, is that removal is not effective until the defendant has taken all the steps required by the federal statute"). Courts have also held that both state and federal courts share jurisdiction until the process of removal is complete. See Berberian v. Gibney, 514 F.2d 790, 792 (1st Cir. 1975); Nernberg, 3 F.3d at 69; Murray v. Ford Motor Co., 770 F.2d 461, 465 (5th 1985); Metro North State Bank v. Gaskin, 34 F.3d 589 (8th Cir. 1994). See also 16 Moore's Federal Practice, § 107.31[3] (Matthew Bender 3d ed. 2014) ("When a defendant files a

4

notice of removal in federal court and sometime later files the notice in state court, the two courts share concurrent jurisdiction until the notice is filed in state court, which divests the state court of jurisdiction.").

In examining the plain meaning of the text, Section 1447(d) states that the three procedural requirements, including filing a copy of the notice with the clerk of the State Court, must be met to "effect the removal[.]" 28 U.S.C. § 1446(d) Notwithstanding, the Ninth Circuit has rejected the view that failure "to timely file a copy of the notice of removal with the state court clerk" as required by 28 U.S.C. § 1446(d) requires remand. Koerner v. Aetna U.S. Healthcare, Inc., 92 F. App'x 394, 396 (9th Cir. 2003). Accordingly, the Court finds that the view that both federal and state courts share jurisdiction until Section 1447(d)'s procedural requirements are met is consistent with the plain meaning of Section 1446(d) and with Ninth Circuit precedent. Because Plaintiff filed his FAC before Defendants filed their Notice of Filing Notice of Removal in State Court, both the State Court and this court shared jurisdiction over the Plaintiff's case until Defendants met the procedural requirements of Section 1447(d).

However, after removal, "the federal court takes the case up where the State court left it off." Carvalho v. Equifax Info. Servs, 629 F.3d 876, 887 (2010) (citing Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 436 (1974). "The federal court

5

. . . treats everything that occurred in the state court as if it had taken place in federal court." Id. (citation omitted) (ellipses in original). Accordingly, the Court treats Plaintiff's FAC as if it was filed in this court.

## II. The Court DENIES Plaintiff's Motion.

Plaintiff filed his FAC as a matter of course pursuant to Federal Rules of Civil Procedure 15(a). See Fed. R. Civ. P. 15(a)(1)(A). Although Rule 15(a) permits Plaintiff to amend his pleading, "Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action." Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc., 916 F. Supp. 1024, 1026 (D. Nev. 1996). "Rule 15(a)'s presumption of an amendment's validity" cannot apply when a case has been removed to federal court because "once a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court rather than a desire to reach the merits." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999). An amendment under these circumstances "cannot be presumed appropriate and the logic and policy of Rule 15(a) do not apply." Id. Instead, "a district court must scrutinize an attempted diversity-destroying amendment to ensure that it is proper." Id. Accordingly, a diversity-destroying amendment must be considered under the standard set by Section 1447(e). Id. See also Winner's Circle of Las Vegas, Inc., 916 F. Supp. at 1026 (listing

6

district court cases that apply Section 1447(e) "as a standard for discretionary review after the party amends the complaint to join a party before the defendant serves a responsive pleading"); Estate of Tungpalan v. Crown Equip. Corp., No. CIV. 11-00581 LEK, 2013 WL 2897777, at *11 (D. Haw. June 12, 2013) ("this case involves the plaintiffs' request to join as parties non-diverse defendants after removal of the case based on diversity of citizenship, the circumstance § 1447(e) directly addresses.").

The court's decision to allow joinder under Section 1447(e) is discretionary. Stevens v. Brink's Home Sec., Inc., 378 F.3d 944 (9th Cir. 2004). Under Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Courts look to the following factors in considering whether to allow the addition of a non-diverse defendant under Section 1447(e):

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.

Clinco, 41 F. Supp. 2d at 1082. For the reasons discussed below,

7

the Court FINDS that adding Inoko as a defendant is not appropriate.

**A. Inoko Is Not Necessary For Just Adjudication of Plaintiff's Claims.**

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco, 41 F. Supp. 2d at 1082. See Fed. R. Civ. P. 19(a). A party "falling within the scope of Rule 19(a) must be joined to the ongoing action if feasible." Id. See Fed. R. Civ. P. 19(b). Here, the Court finds that Inoko does not fall within the scope of Rule 19(a).

It is undisputed that Plaintiff performed work for Inoko. Plaintiff made this allegation in his original Complaint:

> Plaintiff also performed paralegal and consulting services for [Ms. Lujan] in relationship to her various companies including but not limited to GRESCO Inc. and INOKO LLC. Plaintiff has never been compensated for his work or reimbursed the filing fees that he paid for on behalf of [Ms. Lujan] and/or her companies.

Compl. ¶ 15, ECF No. 1-1. Defendants also admit that Plaintiff performed work for Inoko. See Defendants' Answer to Plaintiff's FAC, ECF No. 7 ¶ 11. Notwithstanding, the Court finds that these claims are not "inherently connected" with Plaintiff's claims against the Lujan Defendants. Clinco, 41 F. Supp. 2d at 1082. The crux of Plaintiff's allegations in his FAC is that Mr. Lujan

8

engaged Plaintiff to perform paralegal and consulting services as it related to issues involving Mr. Lujan's legal representation of Junior Larry Hillbroom in the case of Mr. Hillbroom's Father's Estate ("Hillbroom case"). ECF No. 28-6 at 2-3, FAC ¶ 6. All but one of the allegations in Plaintiff's FAC are related to services Plaintiff rendered to Mr. Lujan regarding matters related to the Hillbroom case. Plaintiff's sole allegation against Inoko is found in one paragraph where he alleges that he also performed services for Ms. Lujan related to her various companies including Inoko, but that he was never compensated for this work or reimbursed the filing fees he paid on behalf of Ms. Lujan and Inoko. ECF No. 28-6 at 4, FAC ¶ 16. Accordingly, although Plaintiff may have a claim against Inoko, it does not appear that Inoko is necessary for Plaintiff to receive just adjudication of his claim against the Lujan Defendants. This factor does not support allowing Plaintiff to add Inoko as a defendant.

**B. Plaintiff Does Not Provide Any Information to Indicate That the Statute of Limitations Would Prevent Plaintiff From Filing a New Action Against Inoko.**

Plaintiff's FAC does not contain any information on when his causes of action against Inoko accrued. Accordingly, the Court cannot determine whether the statute of limitations for his contract and tort claims against Inoko would bar Plaintiff's claims in State Court. The Court finds that this factor does not

support allowing Plaintiff to add Inoko as a defendant.

**C.   Plaintiff's Amendment Was Timely.**

Plaintiff's filing of the FAC was timely.  Plaintiff served Defendants with the original Complaint on September 26, 2014.  ECF No. 19 at 2.  Plaintiff filed his FAC 17 days later on October 13, 2014.  See ECF No. 28-6.  Plaintiff amended his Complaint as of right under Rule 15(a)(1)(A).  See Fed. R. Civ. P. 15(a)(1)(A).  Accordingly, the Court finds that Plaintiff's amendment was timely.  This factor weighs in favor of permitting Plaintiff to add Inoko as a defendant.

**D.   Plaintiff's Motive in Adding Inoko as a Defendant is Suspect.**

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980).  "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court."  Id.  Here, the record suggests that Plaintiff's motive for filing his amended complaint was improper.

As discussed previously, Defendants filed their Notice of Removal in this court on Friday, October 10, 2014, and served Plaintiff via U.S. mail.  See ECF Nos. 1, 2.  The Certificate of

Service indicates that a copy of the Notice of Removal was also emailed to Plaintiff on that day. See ECF No. 2. Plaintiff filed his FAC on Monday, October 13, 2014, at 8:00 a.m. See ECF No. 28-6 at 1. Three hours later, at 11:27 a.m., Defendants filed their Notice of Filing Notice of Removal in State Court. See ECF No. 28-5.

Plaintiff added two new allegations in his FAC: (1) that Ms. Lujan is a resident of Guam and Hawaii; and (2) that Inoko breached its contract with Plaintiff. See ECF No. 28-6 ¶¶ 2, 39. Plaintiff did not change the paragraph from his original Complaint that alleged he performed services for Inoko, but had never been compensated. See ECF No. 28-3 ¶ 15, ECF No. 28-4 ¶ 16. In his Motion, Plaintiff asserts that he filed his FAC because "[c]ircumstances have changed since the notice of removal was filed" in this court, but does not elaborate further. ECF No. 12-1 at 9. The Court is unpersuaded. The Court finds that given the timing of the filing of the FAC and the fact that the only changes made were to add allegations regarding a non-diverse defendant, Plaintiff's motive was to defeat this court's diversity jurisdiction. Accordingly, this factor weighs against allowing Plaintiff to add Inoko as a defendant.

**E. Plaintiff May Have Valid Contract Claims Against Inoko; However, It Appears the Allegations in His FAC Do Not Support His Tort Claims.**

Plaintiff asserts the following claims in his FAC:

breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, negligent and/or intentional misrepresentation, violation of Hawaii's wage laws, Hawaii Revised Statutes Chapter 388, intentional and/or negligent infliction of emotional distress, and quantum meruit.  See ECF No. 28-6.

As discussed previously, the only allegation Plaintiff asserts against Inoko is that he performed paralegal and consulting services for Ms. Lujan in relation to her various companies including Inoko, but was never compensated for his work or reimbursed for filing fees he paid on behalf of her companies. See id. ¶ 16.  Plaintiff may have valid claims based in contract; however, it appears the allegations against Inoko in the FAC would not support any tort claims.  Accordingly, the Court finds that this factor is neutral.

The Court FINDS that three of the five foregoing factors weigh against allowing Plaintiff to add Inoko as a defendant, while only one of the factors, Plaintiff's timeliness in filing his FAC, weighs in favor of adding Inoko.  Accordingly, the Court RECOMMENDS that Plaintiff's Motion be DENIED, and that Plaintiff's FAC and Defendants' Answer to his FAC be stricken.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff Stacy Moniz's Motion to Remand be DENIED, and that his First Amended Complaint and Defendant's

Answer to his First Amended Complaint be stricken.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 14, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge


**MONIZ V. LUJANS; CIVIL NO. 14-00465 DKW-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF STACY MONIZ'S MOTION TO REMAND**