IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| STACY MONIZ, | CIVIL NO. 14-00465 DKW-RLP |
|---|---|
| Plaintiff, | **ORDER (1) REJECTING APRIL 14, 2015 FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND; AND (2) GRANTING PLAINTIFF'S MOTION TO REMAND** |
| vs. | |
| DAVID J. LUJAN; ANNA B. LUJAN; INOKO LLC, A HAWAII LIMITED LIABILITY COMPANY; and DOE DEFENDANTS 1-20, | |
| Defendants. | |

**ORDER (1) REJECTING APRIL 14, 2015 FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND; AND (2) GRANTING PLAINTIFF'S MOTION TO REMAND**

On April 14, 2015, the Magistrate Judge issued his Findings and Recommendation ("F&R"), denying Plaintiff Stacy Moniz's Motion to Remand. Dkt. No. 29. Before the Court is Moniz's objections to the Magistrate Judge's F&R. Dkt. No. 30. Based upon a de novo review, the Court REJECTS the April 14, 2015 F&R and GRANTS Moniz's Motion to Remand (Dkt. No. 12) for the reasons set forth below.

## BACKGROUND

On September 4, 2014, Moniz, a resident of Hawaiʻi, filed a breach of contract complaint in the Circuit Court of the First Circuit, State of Hawaiʻi. Dkt. No. 1-1. Moniz named David Lujan and Anna Lujan as defendants, listed them as "residents of Guam," and sought $130,000 in damages for "paralegal and consulting services" rendered to them. Dkt. No. 1-1 (Compl. ¶¶ 2, 5, 14-15, 30).

On October 10, 2014, the Lujans filed a Notice of Removal in the United States District Court, District of Hawaiʻi based on diversity of citizenship and allegedly served Moniz with the Notice of Removal on the same day. Dkt. Nos. 1, 2. Moniz, however, denies having received the Notice of RemovaLul electronically by email. Dkt. No. 30 at 2.

On October 13, 2014, at 8:00 a.m., Moniz filed a First Amended Complaint ("FAC") in Circuit Court adding Inoko, LLC ("Inoko") as a defendant. Dkt. No. 28-6 (FAC) at 1-2. The FAC stated that Inoko "is a Hawaii limited liability company whose sole member and manager is [Anna Lujan]. Its principle place of business is the State of Hawaii." FAC ¶3. The FAC also alleged that Anna Lujan "is a resident of Guam and Hawaii" and pointed out that Anna Lujan "owns real property located within the City & County of Honolulu . . . . The location is listed as her residence in the City and County of Honolulu real property tax records."

FAC ¶2.  Later that day at 11:27 a.m., the Lujans filed their Notice of Filing Notice of Removal in Circuit Court pursuant to 28 U.S.C. § 1446(d).  Dkt. No. 8-4.

On January 8, 2015, Moniz filed a Motion to Remand, which was referred to the Magistrate Judge.  Dkt. No. 12.  Moniz argued that the case should be remanded to state court because (1) the federal court lacked subject matter jurisdiction on the face of the FAC; and (2) the Lujans could not prove that the resident defendants, Anna Lujan and Inoko, were fraudulently joined.  Dkt. No. 12-1 at 5.

On April 14, 2015, the Magistrate Judge entered his written F&R that found, among other things, (1) the federal court shared jurisdiction with the state court until the Lujans completed the removal requirements of 28 U.S.C. § 1447(d); and (2) the joinder of Inoko as a defendant was inappropriate.  Dkt. No. 29 at 12.  Accordingly, the Magistrate Judge recommended that Moniz's Motion to Remand be denied, and that Moniz's First Amended Complaint and the Lujans' Answer to Moniz's First Amended Complaint be stricken.  Dkt. No. 29 at 12-13.

On April 29, 2015, Moniz filed his objections to the Magistrate Judge's F&R.  Dkt. No. 30.  On May 13, 2015, the Lujans filed a response to the objections.  Dkt. No. 32.  On May 27, 2015, Moniz filed a reply in support of his objections to the Magistrate Judge's F&R.  Dkt. No. 33.  On June 5, 2015, the Lujans filed a supplemental response.  Dkt. No. 34.  Rule 74.2 provides that "[n]o

3

reply in support of objections or cross-objections to a magistrate judge's case-dispositive proposed order, findings, or recommendations shall be filed without leave of court." Because Moniz and the Lujans did not seek, much less receive, permission from the Court to file a reply or a supplemental response, Moniz's reply and the Lujans' supplemental response are hereby stricken and will not be considered by the Court.

## STANDARD OF REVIEW

A motion to remand is a case-dispositive motion, requiring the issuance of a findings and recommendation if initially reviewed by a magistrate judge. *See Flam v. Flam*, --- F.3d ---, 2015 WL 3540771, at *3 (9th Cir. June 8, 2015); *Keown v. Tudor Ins. Co.*, 621 F.Supp.2d 1025, 1029 (D. Haw. 2008). When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## DISCUSSION

**I. The Case Was Removed Only Upon Completion of All of the Statutory Steps Set Forth in 28 U.S.C. § 1446(d)**

Moniz contends that the Magistrate Judge erred in finding that there was "shared jurisdiction" or "concurrent jurisdiction" upon the filing of the Notice of Removal in federal court. Dkt. No. 30 at 5. The Court concludes that removal was not effective until all of the statutory steps set forth in 28 U.S.C. § 1446(d) had been completed.

The removal jurisdiction of the federal courts is based on Congressional authorization. The Ninth Circuit Court of Appeals has consistently required that the court "strictly construe the removal statute against removal jurisdiction[,]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1992); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). Proper removal procedure requires that:

> [p]romptly after the filing of such notice of removal of a civil action the defendant or defendants *shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal* and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d) (emphasis added).

As such, there are three procedural steps to effecting removal: (1) filing a notice of removal of a civil action in federal court; (2) giving written notice of the removal to all adverse parties; and (3) filing "a copy of the notice with the clerk of such State court." *Id.*; *see also* 14C Charles Alan Wright & Arthur R. Miller *Federal Practice and Procedure* § 3736 (4th ed.). The Ninth Circuit has not directly addressed whether the federal court obtains jurisdiction immediately upon the filing of the Notice of Removal with the clerk of the federal court, or only after all three procedural steps to effecting removal are completed. However, a number of other circuits have held that removal is not effected until notice is filed in state court. *See, e.g.*, *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993); *Akerman v. ExxonMobil Corp.*, 734 F.3d 237, 249-50 (4th Cir. 2013); *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3736 (4th ed.)

("[T]he sounder rule, and the one most consistent with the language of Section 1446(d) of Title 28, is that removal is not effective until the defendant has taken all the steps required by the federal statute."). Based on the plain language of 28 U.S.C. § 1446(d) and the Ninth Circuit's adherence to strictly construing the removal statute against removal jurisdiction, the Court concludes that all three procedural steps must be completed before removal is effective.

Applying these principles, the instant case was not removed to federal court until the Lujans had (1) filed their Notice of Removal in federal court; (2) gave written notice of the removal to Moniz; *and* (3) filed a copy of the notice with the clerk of the Circuit Court. See 28 U.S.C. § 1446(d). Here, all three steps were not completed until after Moniz had filed his First Amended Complaint in Circuit Court pursuant to Hawaii Rule of Civil Procedure 15, permitting a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served[.]" Haw. Rule of Civ. P. 15(a)(1). Because this Court is one of limited jurisdiction, it must next determine whether it has jurisdiction over this matter.

## II. The Federal Court Lacks Subject Matter Jurisdiction

The Lujans removed the case to federal court on diversity of citizenship grounds. Dkt. No. 1. Moniz argues that the federal court lacks jurisdiction over this matter because on the face of the FAC, there are non-diverse parties. The Court concludes that the proper joinder of Inoko destroys diversity jurisdiction,

7

and consequently, the Court lacks subject matter jurisdiction over this case. Accordingly, the case must be remanded to state court.

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, the Lujans must establish complete diversity of the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants"); *see also* 28 U.S.C. § 1441(b)(2) . Moniz argues that the federal court lacks jurisdiction over this matter because on the face of the FAC, there are non-diverse parties: on plaintiff's side, Moniz is a citizen of Hawaiʻi, and on defendants' side, Inoko and Anna Lujan are allegedly also citizens of Hawaiʻi. Dkt. No. 30 at 35. Moreover, under 28 U.S.C. § 1441(b), an action which otherwise meets the criteria for diversity jurisdiction under 28 U.S.C. § 1332 may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

In the instant case, the Magistrate Judge found, and neither party disputes, that Inoko is a citizen of Hawaiʻi for diversity purposes. Dkt. No. 29 at 2-3. Because Inoko is incorporated in Hawaiʻi and has its principal place of business in

Hawaiʻi (FAC ¶3), the Court similarly concludes that Inoko is a citizen of Hawaiʻi for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State and foreign state where it has its principal place of business[.]"). "Nevertheless, one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris*, 236 F.3d at 1067. Defendants assert this exception applies to Inoko. The Court disagrees. Because Moniz has asserted what at least on its face appears to be a valid claim against Inoko, Inoko was properly, not fraudulently, joined. Moreover, since Inoko's presence destroys diversity, which was the only basis for removal, this Court lacks subject matter jurisdiction.[1]

Fraudulent joinder must be proved by clear and convincing evidence, and there is a general presumption against it. *See Hamilton Materials Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Id.* (internal quotation marks, brackets, and citation omitted).

---

[1] The Magistrate Judge did not address in the F&R the allegation in the FAC that Anna Lujan is also a citizen of Hawaiʻi. Because the Court concludes that Inoko alone destroys diversity, there is no need to address whether Anna Lujan is also a citizen of Hawaiʻi or whether her presence independently destroys diversity.

Moniz asserted various claims in his FAC, one of which was a breach of contract claim. As to allegations against Inoko, Moniz alleged that he performed paralegal and consulting services for Anna Lujan in relation to her various companies, including Inoko, but was never compensated for his work or reimbursed for filing fees he paid on behalf of her companies. FAC ¶16. Indeed, the Magistrate Judge found that "[Moniz] may have valid claims based in contract" against Inoko, a conclusion that even the Lujans do not appear to dispute. *See* Dkt. No. 29 at 11-12; Dkt. No. 32 at 9. The Court agrees that the FAC, at minimum, alleges a facially valid contract claim against Inoko. The Lujans have not proven by clear and convincing evidence either actual fraud or Moniz's inability to state a colorable claim against Inoko. Accordingly, Inoko was properly joined in the suit, and consequently, the Court lacks subject matter jurisdiction.

## **CONCLUSION**

The Court hereby REJECTS the April 14, 2015 F&R (Dkt. No. 29) and GRANTS Moniz's Motion to Remand (Dkt. No. 12).

IT IS SO ORDERED.

DATED: June 29, 2015 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

Moniz v. Lujan, et al.; CV 14-00465 DKW-RLP; ORDER (1) REJECTING APRIL 14, 2015 FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND; AND (2) GRANTING PLAINTIFF'S MOTION TO REMAND